STATE OF NORTH DAKOTA EX REL. J. G. MANNING, Relator, v. ROBERT E. BYRNE, as Secretary of State of the State of North Dakota, Respondent.

(219 N. W. 115.)

**Elections — nominating petitions must show affirmatively that signers are members of party in which nomination is sought.**

1. A nominating petition of a candidate for delegate to a national convention must affirmatively show that the signers thereon are party voters of the political party in which nomination is sought.

**Elections — petition with recital of party affiliation stricken out held insufficient.**

2. Where a petition for nomination for delegate to a national convention of a political party is presented to the secretary of state, upon which the recital that the petitioners are members of the particular political party has been stricken out, such petition is insufficient as not purporting to be a petition of the party voters of such party.

Opinion filed March 9, 1928.

Elections, 20 C. J. § 106 p. 110 n. 49.

Original application for writ of mandamus directed to the above-named respondent.

Writ denied.

*F. O. Hellstrom,* for relator.

*George F. Shafer,* Attorney General, and *George I. Reimestad,* Assistant Attorney General, for respondent.

PER CURIAM. This is a proceeding brought to compel the secretary of state to cause the name of the relator to be printed on the Democratic primary ballot to be voted upon at the presidential primary election, to be held on the 20th of March, 1928, as a candidate for delegate to the Democratic national convention. The affidavit and application alleges the filing of a petition for nomination with the secretary of state, which in truth and in fact contained the names of 500 Democratic electors and party voters, and that the respondent has refused to accept and file the petition and has announced that he will not, in pursuance thereof, place the name of the relator upon the ballot. The answer and return alleges that the petition was composed of a number of separate petitions containing aggregate signatures numbering 505; that some of such separate petitions bore at the head the recital and representation: "The undersigned are members of the Democratic party;" that others, otherwise similar in form and upon which the same recital had been typewritten, were presented with the recital stricken out, so that there were, in fact, but 161 petitioners signing petitions containing the representation that they were members of the Democratic party and 344 signers of petitions upon which such representation had been stricken out; that by reason of these facts, among others, the respondent alleges that the relator's name was not entitled to be printed on the ballot. Upon the hearing the original petitions were produced by the respondent and offered for the inspection of the court. The allegations of the answer and return are fully substantiated by an inspection of the original petitions.

If any single aim of the legislature in adopting the presidential primary law is more clear than another, it is the purpose to permit the electors of a political party to have a voice in the control of the party affairs to the extent that they may propose the candidates for whom they desire to vote as representatives of the party in a convention. Obviously, this primary purpose would be thwarted by any construction that would permit members of one political party to petition to have placed upon the ballot of another political party candidates from among whom the voters of the latter are to choose. This is so clear as to require no elaboration.

The statute does not attempt to regulate in detail the duties of the secretary of state. If we assume that he is bound to act upon a petition

that is prima facie regular, still, he is not required to—indeed he should not—accept every list of names presented to him as those of petitioners upon a party nominating petition; and where, as here, hundreds of names are attached to that which purports to be a petition but at the head of which the representation that the petitioners are members of a particular party is stricken out, the secretary of state is justified in not regarding such petitioners as members of the party upon whose ballot they request the name of a particular individual to be printed. It can not be questioned that a duty devolved upon the secretary of state to examine the petition to determine whether or not there was, prima facie, a compliance with the statute. There is no other question properly before the court. There is no merit in the application. The writ is denied.

NUESSLE, Ch. J., and BIRDZELL, BURKE, BURR, and CHRISTIANSON, JJ., concur.